McKinney, J.,
delivered the opinion of the court.
The defendants, five in number, were indicted in the circuit court of Grainger, for a roit. The riot charged, is the unlawful and forcible taking from the custody of an officer, certain personal property levied upon by him by process of execution.
*89 The circuit court, on motion of the defendants, quashed the indictment upon the sole ground, that the act charged as a riot, is not alleged to have been done to the terror of the people. And the question is; did the court err in so doing?
While we are by no means inclined to favor a departure from long established forms of pleading, we are not prepared to go the length of holding, that the omission of a particular word, or phrase, not at all essential or appropriate to the dis-cription of the offence charged, and imputing in many cases, what, in point of fact, is untrue, should be regarded as a fatal objection, or any objection at all, for the reason merely that such word or phrase is used in some of the precedents found in the books.
In some cases of riot, the gist of the offence consists alone in the terror to the public, inspired by the conduct of the parties ; but not so in other cases. The discrimination of Lord Holt, upon this subject, rests upon sound reason. He lays it down, that in indictments for riots, which consists in going about armed, &c., the words in terrorem populi are essential; but that in those riots, in which an unlawful act has been committed., these words are unnecessary. 11 Mod. 116. This distinction is also recognized in the case of the Commonwealth vs. Runneland others. 10 Mass. Rep. 520.
To this latter class, the case under consideration belongs. The riot consists in the unlawful act committed; and the words omitted would be alike inappropriate and untrue if used as descriptive of the offence charged in the indictment.
Yielding to the authorities above cited, we shall hold that the court erred in quashing the indictment.
Judgment reversed, and the case remanded for trial.